UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

CASE NO.:

PEDRO A RODRIGUEZ, JAROL JULIAN MERINO, and others similarly- situated,

    Plaintiff,

v.

ASTA PARKING, INC, a Florida corporation,
PRAKASH PATEL individually

    Defendants.
_____/

## FLSA COMPLAINT

COMES NOW, Plaintiff, PEDRO A RODRIGUEZ and JAROL JULIAN MERINO by and through their undersigned attorney, hereby sues Defendants, ASTA PARKING, INC, and PRAKASH PATEL (collectively referred to as "Defendants" or "the Employer"), and alleges:

## JURISDICTION AND PARTIES

1.  This is an action to recover money damages for unpaid wages and overtime wages under the laws of the United States, and the State of Florida. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) ("the FLSA).

2.  Plaintiffs are residents of Broward County, within the jurisdiction of this Honorable Court.

3.  The Defendant ASTA PARKING, INC, is a Florida corporation with its principal place of business in Broward County. Upon information and belief, the Defendant Corporation is/was the FLSA employer for the Plaintiff's employment ("the relevant time period").

4. The individual Defendant PRAKASH PATEL is a corporate officer of the Defendant Corporations who runs the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for determining Plaintiffs' work schedule and paying Plaintiffs' wages during Plaintiffs' period of employment with Defendants.

5. This action is brought by Plaintiff to recover from the Employer unpaid wages and overtime wages and as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207, and Fla. Stat. §448.110.

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer operates as an organization which sells and/or markets its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and the Employer obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer was at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the FLSA's requirements.

7. By reason of the foregoing, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as

defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s) and/or Plaintiffs were within interstate commerce.

8. The individual Defendants, are "employers" as defined in 29 U.S.C. § 203 (d), as they had operational control over the Defendant corporation, are directly involved in decisions relating to employee compensation, hours worked by employees, and controlled the purse strings for the corporation.

## COUNT I
## UNPAID OVERTIME

9. Plaintiff re-alleges and re-avers paragraphs 1 through 8 as fully set forth herein.

10. From approximately April 2011 through the present, Plaintiff PEDRO A RODRIGUEZ has worked for Defendants as a valet parker.

11. From approximately September 2011 through the present, Plaintiff JAROL JULIAN MERINO has worked for Defendants as a valet parker.

12. Throughout his employment, Plaintiff PEDRO A RODRIGUEZ worked an average of 60 hours a week for Defendants and was promised an hourly rate of $10.00 per hour. Defendants routinely underpaid Plaintiff an average hourly rate of $8.00 when his true hourly rate was $10.00. Further, Plaintiff was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week and the wages that are owed as a result of Defendants underpayment.[1]

---

[1] Plaintiff's damages are calculated as a matter of inference. See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88, 66 S.Ct. 1187, 1192-93 (1946). Plaintiff reserves the right to modify his calculations after discovery is taken and payroll information is received from Defendant. Plaintiff will not be able to accurately calculate his hours week by week until such time as when he reviews Defendant's payroll records and discovery is taken.

13.     Throughout his employment, Plaintiff JAROL JULIAN MERINO worked an average of 60 hours a week for Defendants and was paid an average of $10.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

14.     The failure to pay these overtime hours resulted in an overtime violation.

15.     The similarly-situated current and former employees are all those other employees who worked for Defendants and performed the same or similar duties as that of Plaintiffs.

16.     At all times material hereto, the Employer failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Employer to properly pay him the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

17.     Defendants intentionally failed to pay Plaintiffs their overtime wages as Defendants had knowledge of Plaintiffs' schedule and the overtime hours that Plaintiffs worked and showed reckless disregard by failing to comply with the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act.

18.     Defendants remain owing Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with Defendants as set forth above, and Plaintiffs are entitled to recover double damages.

19.     Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorney's fee.

WHEREFORE, Plaintiffs and those similarly-situated requests compensatory and liquidated damages and reasonable attorney's fees from both Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff and those similarly-situated employees entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiffs and those similarly-situated do not recover liquidated damages, then Plaintiffs and those similarly-situated seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances

## JURY DEMAND

Plaintiffs and those similarly-situated demand trial by jury of all issues triable as of right by jury

Dated: July 6, 2014

Respectfully Submitted,

**LAW OFFICES OF CHRISTOPHER F. ZACARIAS, P.A.**
*Counsel for Plaintiff*
5757 Blue Lagoon Dr, Suite 230
Miami, Florida 33126
Telephone: 305-403-2000
Facsimile: 305-459-3964
E-Mail: czacarias@zacariaslaw.com

*/s/ Christopher F. Zacarias*
CHRISTOPHER F. ZACARIAS
Florida Bar No.: 85609